UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

LORENZA MICHAEL MIZELL and all others
similarly situated under 29 U.S.C. § 216(b),

    Plaintiff(s),

vs.

MG 19501 BISCAYNE, LLC,
A Foreign Limited Liability Company,

    Defendant.
_____/

## COMPLAINT

(OPT-IN PURSUANT TO 29 U.S.C. § 216(B))

Plaintiff, Lorenza Michael Mizell ("Named Plaintiff"), on behalf of himself and all others similarly situated under 29 U.S.C. § 216(b), hereby files this Complaint against Defendant, MG 19501 Biscayne, LLC ("Defendant"), and alleges:

## JURISDICTION AND VENUE

1. Named Plaintiff has initiated the instant action to redress violations by Defendant of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"). Named Plaintiff asserts that Defendant failed to pay Named Plaintiff and those similarly situated proper overtime compensation in violation of the FLSA.

2. Jurisdiction is conferred upon this Court by:

    a) 28 U.S.C. § 1331; and

    b) 29 U.S.C. § 216(b), which allows for a claim regarding violations of the FLSA to be brought in any court of competent jurisdiction.

3. Venue is proper in the Southern District of Florida because:

a) Named Plaintiff and those similarly situated are/were employed in the Southern District of Florida by Defendant, who at all relevant times conducted, and continue to conduct, business in Miami-Dade County; and

b) The acts that give rise to the claims by Named Plaintiff and those similarly situated occurred in the Southern District of Florida and because Defendant keeps/kept an office for the transaction of its customary business in this district.

## PARTIES

4. Named Plaintiff resides within the Southern District of Florida.

5. Defendant is a business entity which, at all relevant times, conducts/conducted substantial and continuous business in this judicial district, and is subject to the laws of the State of Florida and the United States.

6. Defendant owns and operates a high-end restaurant in the Aventura Mall in Miami, Florida.

7. At all relevant times, Defendant acted through its agents, servants, and employees, each of whom acted within the scope of their employment with Defendant.

8. Named Plaintiff and those similarly situated are/were employed by Defendant in the position of sous chef at International Smoke in the Aventura Mall in Miami, Florida at all relevant times.

9. In addition to Named Plaintiff, there are other individuals who are either currently employed by Defendant or were formerly employed by Defendant in the position of sous chef and who are/were subject to Defendant's unlawful pay practices and policies.

10. At all relevant times, Defendant engaged in interstate commerce and has/had annual

gross revenue in excess of $500,000.

11. At all relevant times, Defendant employed two or more employees that customarily and regularly sold and/or marketed and/or distributed its services and/or goods and/or services to customers throughout the United States and also provided its services for goods sold and transported across state lines of numerous other states.

12. Also, Defendant obtains/obtained and solicits/solicited funds from non-Florida sources, accepts/accepted funds from non-Florida sources, uses/used telephonic transmissions going over state lines to do business, transmits/transmitted funds outside the State of Florida, and otherwise regularly engages/engaged in interstate commerce.

13. As a restaurant, Defendant uses/used goods that move/moved in interstate commerce, such as materials and food used to prepare the dishes offered by Defendant to its customers.

14. At all relevant times, Defendant accepts/accepted checks, wire transfers, and other forms of payments that are/were made or processed outside the State of Florida.

15. Defendant is an "employer" pursuant to 29 U.S.C. § 203(d) of the FLSA.

16. During all relevant times, Defendant is/was an enterprise engaged in commerce as defined in 29 U.S.C. §§ 203(r) and 203(s).

17. Named Plaintiff is an "employee" pursuant to 29 U.S.C. § 203(e)(1) of the FLSA, and was an employee of Defendant.

18. At all relevant times, Defendant failed to comply with 29 U.S.C. §§ 201-219 in that Named Plaintiff and those similarly situated perform/performed services for Defendant and are/were not paid overtime wages at the rate of time and one-half for all hours worked in excess of 40 hours in each workweek.

## FLSA COLLECTIVE ACTION ALLEGATIONS

19. In addition to bringing this action individually, Named Plaintiff brings this action for violations of the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), on behalf of employees with the job title of sous chef or other similar non-exempt employees presently and formerly employed by Defendant, subject to Defendant's unlawful pay practices and policies, and who worked for Defendant at any point in the three years preceding the date the instant action was filed (the members of this putative class are referred to as "Collective Plaintiffs").

20. Named Plaintiff and Collective Plaintiffs worked for Defendant in the Southern District of Florida at some point in the three years preceding the date the instant action was filed.

21. Named Plaintiff and Collective Plaintiffs are similarly situated, have substantially similar job duties, have substantially similar pay provisions, and are all subject to Defendant's unlawful policies and practices as discussed herein.

22. There are numerous similarly situated current and former employees of Defendant who Defendant misclassified as exempt under the FLSA and worked overtime hours without receiving overtime compensation, and who would benefit from the issuance of a Court Supervised Notice of the instant lawsuit and the opportunity to join in the present lawsuit.

23. Similarly situated current and former employees are known to Defendant, are readily identifiable by Defendant, and can be located through Defendant's records.

24. Therefore, Named Plaintiff should be permitted to bring this action as a collective action for and on behalf of himself and those similarly situated employees, pursuant to the "opt-in" provisions of the FLSA, 29 U.S.C. § 216(b).

## STATEMENT OF FACTS

25. Named Plaintiff worked for Defendant as a sous chef from in or about February

2019 through in or about January 2020.

26. Named Plaintiff and Collective Plaintiffs are current and/or former employees of Defendant who, within the three-year statute of limitations, have been or are presently employed by Defendant as sous chef and/or similarly situated positions.

27. While Defendant classified Named Plaintiff and Collective Plaintiffs as exempt, they actually performed non-exempt work.

28. At the beginning of every workweek, Defendant provided Named Plaintiff and Collective Plaintiffs with a schedule outlining the hours they are/were expected to work.

29. Named Plaintiff and Collective Plaintiffs, along with other kitchen workers, are/were directly managed by the executive and/or corporate chefs.

30. Named Plaintiff's and Collective Plaintiff's primary duty is/was to work as a line cook, and perform/performed other non-exempt duties such as preparing food and cleaning dishes.

31. Named Plaintiff and Collective Plaintiffs are/were required to follow directions from their managers and can/could not deviate without the approval from management.

32. Named Plaintiff and Collective Plaintiffs are/were prohibited from disciplining and terminating employees.

33. Named Plaintiff and Collective Plaintiffs do/did not prepare work schedules.

34. Named Plaintiff's and Collective Plaintiffs' tasks consist/consisted of regular, recurrent, and routine work that do/did not involve the exercise of independent judgment and discretion on matters of significance.

35. Named Plaintiff's and Collective Plaintiffs' primary duty is/was not management or administrative.

36. Therefore, Defendant misclassified Named Plaintiff and Collective Plaintiffs as

exempt employees in order to pay them a lower salary and avoid the overtime requirements mandated by the FLSA.

37. In the course of employment with Defendant, Named Plaintiff and Collective Plaintiffs work/worked the number of hours required of them, but are/were not paid time and one-half for all hours worked in excess of 40 during a workweek.

38. Named Plaintiff and Collective Plaintiffs regularly work/worked in excess of 40 hours per workweek.

39. Although Named Plaintiff's hours varied, he generally worked 65 to 75 hours per workweek.

40. Upon information and belief, Collective Plaintiffs also work/worked approximately the same number of hours per workweek.

41. Defendant does not have accurate records of hours worked because Defendant kept no records of the hours worked by Named Plaintiff or Collective Plaintiffs.

42. Defendant's FLSA violations are/were willful and intentional.

43. Named Plaintiff has retained the undersigned legal counsel to prosecute this action on his behalf and has agreed to pay a reasonable fee for legal services.

## COUNT I
### OVERTIME VIOLATIONS UNDER THE FLSA AS TO PLAINTIFF AND COLLECTIVE PLAINTIFFS

44. Named Plaintiff and Collective Plaintiffs re-adopt each and every factual allegation as stated in paragraphs 1 through 43 above as though fully recited herein.

45. Named Plaintiff and Collective Plaintiffs are entitled to be paid time and one-half for all hours worked in excess of 40 in each workweek.

46. Named Plaintiff and Collective Plaintiffs regularly work/worked in excess of 40

hours each workweek; however, Defendant failed to pay the overtime wage required by the FLSA.

47. The FLSA requires that Defendant pay the Named Plaintiff and Collective Plaintiffs time and one-half their hourly wage for all hours worked in excess of 40 hours per workweek.

48. At all relevant times, Defendant failed to comply with 29 U.S.C. §§ 201 – 219 and 29 C.F.R. §§ 516 *et seq.* in that Named Plaintiff and Collective Plaintiffs perform/performed services and work/worked for Defendant in excess of 40 hours per workweek but no provision was made by Defendant to properly pay them at the rate of time and one-half for all hours worked in excess of 40 hours per workweek.

49. Defendant has attempted to evade the requirements of the FLSA by misclassifying Named Plaintiff and Collective Plaintiffs as exempt employees when in fact, they are/were all non-exempt employees under the FLSA.

50. Defendant knows/knew or shows/showed reckless disregard for the provisions of the FLSA concerning the payment of overtime wages and owe Named Plaintiff and Collective Plaintiffs overtime wages.

51. As such, Named Plaintiff and Collective Plaintiffs are entitled to recover liquidated damages under the FLSA as a result of Defendant's intentional and willful violations for up to the three-year statute of limitations afforded by the FLSA.

**WHEREFORE**, Named Plaintiff and Collective Plaintiffs respectfully pray for the following relief against Defendant:

A. Adjudge and decree that Defendant violated the FLSA and did so willfully, intentionally, and with reckless disregard;

B. Award Named Plaintiff and Collective Plaintiffs actual damages for unpaid overtime compensation;

C.    Award Named Plaintiff and Collective Plaintiffs liquidated damages;

D.    Award Named Plaintiff and Collective Plaintiffs the costs of this action, together with reasonable attorneys' fees;

E.    Award Plaintiff and Collective Plaintiffs all recoverable interest;

F.    Grant Named Plaintiff and Collective Plaintiffs such additional relief as the Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff and Collective Plaintiffs hereby demand a jury trial of all issues so triable.

Dated: January 30, 2020

Respectfully submitted,

**BT LAW GROUP, PLLC**
3050 Biscayne Blvd., Suite 205
Miami, Florida 33137
Tel: (305) 507-8506

By: */s/ Anisley Tarragona*
**ANISLEY TARRAGONA, ESQ.**
Florida Bar No. 51626
anisley@btattorneys.com
**JASON D. BERKOWITZ, ESQ.**
Florida Bar No. 0055414
jason@btattorneys.com

Attorneys for Plaintiff